UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| YONGYAN CAO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AUTEL US INC.,<br><br>　　　　　Defendant. | Case No.  22-cv-05301-TLT<br><br>**ORDER REMANDING CASE**<br><br>Re: ECF No. 1 |

For the reasons noted below, the Court *sua sponte* **REMANDS** this action to state court for lack of subject matter jurisdiction.

I.   **BACKGROUND**

On August 4, 2022, Plaintiff Yongyan Cao filed a complaint in the San Mateo Superior Court against Defendant Autel US Inc. ("Autel").  Mr. Cao asserted state law claims related to breach of contract, labor code violations and California's Unfair Competition Law.  ECF No. 4.  The complaint did not contain a specific amount in controversy.  *See* ECF No. 4.

On September 16, 2022, Autel removed this action based on diversity jurisdiction.  ECF No. 1.  In its notice of removal, Autel asserted that there was diversity jurisdiction because (1) there was complete diversity between the parties and (2) the amount in controversy was satisfied based on the allegations of the complaint.  *Id*.  The complaint, however, was silent as to specific damages, and on its face did not satisfy the minimum amount in controversy requirement.  *See* ECF No. 4.

Consequently, the Court ordered Autel to show cause as to why this case should not be remanded for lack of subject matter jurisdiction.  ECF No. 13.  Autel asserted damages would be greater than $75,000 because of allegations within the complaint, the amount of Mr. Cao's unpaid

1   bonus, statutory penalties, and its own "calculations." *Id.*

2   On August 24, 2023, the parties met with the Court for a final pretrial conference. The
3   parties agreed that the estimated relief associated with this case was approximately $73,173. *See*
4   ECF Nos. 34, 37. The Court noted that Mr. Cao's estimated relief fell just below the $75,000
5   threshold required to satisfy diversity jurisdiction and invited the parties to share any calculations
6   or concerns with the Court.

7   Consequently, on August 29, 2023, the Court issued an order inviting Mr. Cao to show
8   cause as to why the court should not remand the matter to state court. ECF No. 39. Mr. Cao
9   responded on August 30, 2023 that he had not alleged subject matter jurisdiction in his complaint
10  and the burden to prove jurisdiction lay with Autel, the party who had remanded the case from
11  state court. ECF No. 40. Autel did not respond and appears to concede this point through silence.

## II.      LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Subject matter jurisdiction 'can never be forfeited or waived' and federal courts have a continuing 'independent obligation to determine whether subject-matter jurisdiction exists.'" *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975, n.12 (9th Cir. 2012) (internal citations omitted). "The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Where the complaint does not specify the amount in controversy and it is unclear whether the plaintiff is seeking more than the jurisdictional minimum, "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount" by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); 28 U.S.C.

§ 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III. DISCUSSION

Autel asserts there is diversity jurisdiction as the basis for removal. ECF No. 1. While Autel agrees that "Plaintiff's complaint is silent as to damages sought," Autel believes the damages will be greater than $75,000 because of (1) allegations in the complaint, (2) Mr. Cao's unpaid bonus, (3) statutory penalties, and (4) its own "calculations." ECF No. 14. As documentary support, Autel attached only a copy of Mr. Cao's offer letter, which listed potential annual bonuses, ranging from $22,000 to $42,000. *Id.*, Ex. A. Autel did not include its calculations in its response to show cause. *Id.*

Diversity jurisdiction requires complete diversity of the parties and an amount in controversy above $75,000. 28 U.S.C. § 1332. Here, only the amount in controversy is disputed, because the complaint does not set forth a specific amount. *See Gaus*, 980 F.2d at 567. And because Autel removed the case to federal court, it has the burden to prove by a preponderance of the evidence that the amount in controversy has been satisfied. *See id.* at 566.

The Court finds that Autel has failed to make this showing. Autel relies on conclusory allegations that Mr. Cao's allegations or its own "calculations," suggest the amount in controversy will be met. *See* ECF No. 14. But this is not sufficient under the preponderance standard, especially where Autel failed to even include calculations it relies on in its response to the Court. *See Miranda v. Weaver Popcorn Co.*, No. EDCV10-632 PARZX, 2010 WL 1929771, at *2 (C.D. Cal. May 12, 2010) (finding remand appropriate where defendant failed to provide supporting evidence or facts).

At best, the estimated amount in controversy for this case is $73,173 based on Mr. Cao's alleged bonus and statutory penalties. At the pretrial conference, the parties confirmed the maximum bonus at issue is $32,000. *See* ECF Nos. 34, 37. Mr. Cao also seeks waiting time penalties that are estimated at $26,539.[1] *See* ECF No. 34. In addition, estimating attorneys' fees

---

[1] Mr. Cao's total wage is $230,000 consists of his wages of $198,000 and unpaid bonus of $32,000. Mr. Cao's daily rate is estimated at $884.64 and multiplied by 30 days, which is the

3

1   at 25 percent of total costs is around $14,634.  In sum, the Court estimates the total maximum

2   amount in controversy is only $73,173, which falls below the jurisdictional threshold.  Further, at

3   the pretrial conference, the Court raised concerns that subject matter jurisdiction was not satisfied

4   and asked the parties to share any calculations or additional information.  Autel did not provide

5   any additional arguments or evidence for its position.

6         Accordingly, the Court concludes that Autel has not met its burden to prove, by a

7   preponderance of the evidence, that the amount in controversy satisfies the jurisdictional

8   threshold.

## IV.   CONCLUSION

Based on the foregoing, the Court finds that Autel has failed to establish subject matter jurisdiction and remands the case to state court.

**IT IS SO ORDERED.**

Dated: 8/31/2023

                                                TRINA L. THOMPSON
                                                United States District Judge

---

maximum penalty period, results in a waiting time penalty of ~$26,539.  *See* ECF No. 34, Cal. Labor Code § 203(a).

4